*M HK*

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1557 | **DATE** | APR 2 9 2008 |
| **CASE TITLE** | Paul Smith (#B-52357) vs. J.H. Stroger, et al. | | |

**DOCKET ENTRY TEXT:**

The Clerk is directed to:  (1) file the amended complaint; (2) issue summonses for service on defendants Cook County Sheriff and Counselor Puckett; and (3) send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.  The plaintiff's motion "to consider relief request by preponderance of evidence" [#14] is denied.

■ **[For further details see text below.]**                             Docketing to mail notices.

## STATEMENT

The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  The plaintiff claims that the defendants, county officials, violated the plaintiff's constitutional rights by acting with deliberate indifference to his safety while he was incarcerated at the Cook County Jail.  More specifically, the plaintiff alleges that the defendants failed to protect him from an attack by fellow inmates in November 2006.

By Minute Order of March 25, 2008, the court granted the plaintiff's motion for leave to proceed *in forma pauperis* but directed him to submit an amended complaint naming a proper defendant.  The plaintiff has complied with that order.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.  Here, accepting the plaintiff's factual allegations as true, the court finds that the complaint states a colorable cause of action under the Civil Rights Act.  It is well established that correctional officials must take reasonable steps to protect inmates from assault.  *Birch v. Jones*, No. 02 C 2094, 2004 WL 2125416, at *3 (N.D. Ill. Sep 22, 2004), citing *Goka v. Bobbitt*, 862 F.2d 646, 649 (7th Cir. 1988).  While a more fully developed record may establish that correctional officials did not act with deliberate indifference to a substantial risk of serious harm, the defendants must respond to the allegations in the amended complaint.

**(CONTINUED)**

| | mjm |
|---|---|

**STATEMENT (continued)**

The clerk shall issue summonses for service of the amended complaint on the defendants. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, the Cook County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. The plaintiff is additionally advised that letters to the judge are not permitted. Any requests for court action must be made by motion and filed with the clerk. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

Finally, the plaintiff's motion to consider relief request by preponderance of evidence is denied as premature. Once the defendants have been served, counsel has entered an appearance, and discovery has been completed, the plaintiff may wish to file a motion for summary judgment. *See* Fed. R. Civ. P. 56; Local Rule 56.1 (N.D. Ill.). However, the court cannot summarily grant the plaintiff relief on the basis of the undeveloped record.