UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 1557 |
| | ) | |
| v. | ) | Honorable Judge |
| | ) | James Zagel |
| COOK COUNTY SHERIFF, SUPT, | ) | |
| UNKNOWN OFFICERS, | ) | |
| COUNSELOR PUCKETT, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S COMPLAINT**

NOW COMES Defendant Roy Puckett, by his attorney RICHARD A. DEVINE, State's Attorney of Cook County, through his assistant, SARAH M. BURKE, and, pursuant to Fed. R. Civ. P. 12(e)(f) move this Honorable Court to strike Plaintiff's Complaint or in the alternative for a more definite statement.

Plaintiff has filed a federal cause of action against defendants pursuant to 42 U.S.C. § 1983. In the complaint plaintiff attempts to advance claims for failure to protect and failure to train and seeks monetary relief in the amount of one and a half million dollars. However, nowhere in plaintiff's complaint does he allege a violation of his constitutional rights.

Title 42 U.S.C. § 1983 creates a federal cause of action for "the deprivation, under color of [state] law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." Id. (quoting Livadas v. Bradshaw, 512 U.S. 107, 132, 129 L. Ed. 2d 93, 114 S. Ct. 2068 (1994)). Section 1983 is not itself a font for substantive rights; instead it acts as an instrument for vindicating federal rights conferred elsewhere. Id. 105 F.3d at 356 (citation omitted). The first step in any § 1983 analysis is to pinpoint the specific constitutional right

which was allegedly violated. Id. (citing *Graham v. Connor*, 490 U.S. 386, 394, 104 L. Ed. 2d 443, 109 S. Ct. 1865 (1989); *Kernats v. O'Sullivan*, 35 F.3d 1171, 1175 (7th Cir. 1994)).

In his Complaint, Plaintiff fails to state that his Constitutional rights were violated. Plaintiff merely recites facts surrounding an occurrence that took place at the department of corrections. Such general language is not sufficient.

The validity of the claim must be judged by reference to the specific constitutional standard which governs that right. *Graham*, 490 U.S. at 394. *Spiegel v. Rabinovitz*, 121 F.3d 251, 254 (7th Cir. 1997). Without specific reference to a specific constitutional standard, defendants cannot properly respond to plaintiff's allegations.

WHEREFORE defendants ask that plaintiff's Complaint be stricken and that a more definite statement be filed.

                Respectfully Submitted,

                RICHARD A. DEVINE
                State's Attorney of Cook County

                By:   /s/ Sarah M. Burke
                      Sarah M. Burke
                      Assistant State's Attorney
                      500 Richard J. Daley Center
                      Chicago, IL 60602
                      (312) 603-4320