# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1557 | **DATE** | 7-2-2008 |
| **CASE TITLE** | Smith (B-52357) vs. Cook County Sheriff, et al. | | |

**DOCKET ENTRY TEXT**

Defendant's motion to strike [25] is denied part and granted in part. Defendant's request for a more definite statement is granted. Plaintiff is directed to provide a more definite statement that specifies when the alleged acts took place, by which Defendants, and the alleged constitutional right that was violated by the act(s). Plaintiff's more definite statement is to be filed within 30 days of the date of this order. If Plaintiff does not file a more definite statement within 30 days of this order, his complaint may be dismissed. Plaintiff's motion to strike defense counsel's motion [28] is construed as Plaintiff's response to the Defendant's motion to strike. The Clerk is directed to terminate it as a motion.

■ [ For further details see text below.]

Docketing to mail notices.



## STATEMENT

Plaintiff, Paul Smith, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. In March 2008, Plaintiff's complaint was dismissed without prejudice to file an amended complaint because the original complaint failed to name a proper defendant and included a time-barred cause of action.

In April 2008, Plaintiff filed his amended complaint, naming as Defendants: the Cook County Sheriff; unknown Cook County officers; and Roy Puckett, a counselor at Cook County Correctional Center. Puckett filed a motion to strike Plaintiff's amended complaint, arguing that the amended complaint fails to allege what constitutional right(s) were violated and/or when the alleged violation(s) occurred. In the alternative, Puckett seeks a more definite statement.

Plaintiff's amended complaint fails to identify what constitutional right(s) were violated, by whom, and/or when the alleged violation(s) occurred (the amended complaint contains no dates whatsoever). The only allegation that can be inferred to include Puckett states: "Plaintiff made several attempts to be moved, before being stabbed. Plaintiff noterfyed [sic] counselor who had Plaintiff to file a grievance, which he stated he had forwarded to Division/Superintendent. I still have the copy."

Defendant's motion to strike is granted in part and denied in part. Based on the deficiencies in Plaintiff's amended complaint, his alternative request for a more definite statement is granted. Plaintiff is directed to provide a more definite statement that specifies when the alleged acts took place, by which Defendants, and the alleged constitutional right that was violated by the act(s). Plaintiff's more definite statement is to be filed within 30 days of the date of this order. If Plaintiff does not file a more definite statement within 30 days of this order, his complaint may be dismissed.